**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL DENARD WHITFIELD,** | ) | |
| **ID # 1863-11,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:11-CV-2037-N-BH |
| | ) | |
| **BOARD OF PARDONS AND PAROLES,** | ) | |
| Defendant. | ) | **Referred for Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Plaintiff sues the Board of Pardons and Paroles under 42 U.S.C. § 1983. He claims that he is being held in county jail unconstitutionally past the discharge date of his state sentence pursuant to a parole warrant. (Complaint at 3-4). He seeks immediate release from jail, monetary compensation, and an investigation into why this happened. (Compl. at 4). No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate in a county jail who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SECTION 1983

Plaintiff brings this action under § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

2

A. <u>**No Habeas Relief**</u>

Plaintiff seeks release from imprisonment. (Compl. at 4). This is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487.

A habeas action under 28 U.S.C. § 2241 is the proper vehicle for challenging either pretrial detention or detention pursuant to a parole warrant. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Mackey v. Dretke*, 2004 WL 2958382 (N.D. Tex. Dec. 21, 2004); *Lewis v. Bowles*, 2002 WL 307442 (N.D. Tex. Feb. 21, 2002). Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a cause of action upon which relief may be granted on his claim for release.[1]

B. <u>**No Investigation**</u>

Plaintiff seeks an investigation into why he was incarcerated past his discharge date of August 2, 2011. (Compl. at 4). An investigation is not a remedy available through a civil action. *King v. Forest*, 2008 WL 4951049, slip op. at *2 (N.D. Tex. Nov. 14, 2008) (accepting recommendation of Mag. J. that an investigation into the handling of a state criminal matter is not an available remedy in a § 1983 suit); *McCall v. Peters*, No. 3:00-CV-2247-D, 2001 WL 1082417,

---

[1] Because Plaintiff also requests monetary relief and has clearly filed this action under § 1983, it will not be construed as a petition for a writ of habeas corpus. If so construed, it may only be considered on its merits if Plaintiff exhausted his available state remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Exhaustion requires that a petitioner present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 794, 795 (5th Cir. 1993). In Texas, a prisoner must present his or her claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Montes v. Cornyn*, 2002 WL 31495972 (N.D. Tex. Nov. 5, 2002). That Court's website has no record of having addressed any state writ from Plaintiff. (*See* www.cca.courts.state.tx.us, search for Plaintiff).

slip op. at *2 (N.D. Tex. Aug. 28, 2001) (accepting recommendation of Mag. J. that a criminal investigation is not available). To the extent Plaintiff's claim against the defendant has merit, he may only obtain monetary relief.

## C. *Heck* Bar

Plaintiff seeks monetary relief based on his alleged incarceration past his discharge date. (Compl. at 4).

When a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, *Heck v. Humphrey* provides that the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. 477, 486-87 (1994). *Heck* applies to claims seeking declaratory and injunctive relief, as well as damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Plaintiff seeks relief from his incarceration on a parole warrant. *Heck* applies when a plaintiff challenges the validity of a parole warrant. *See Almendarez v. Huddleston*, 2011 WL 3209719, slip op. at *1 (5th Cir. July 28, 2011) (holding that a suit for damages based on an allegedly illegally issued parole warrant and unlawful confinement pursuant to a parole warrant is barred by *Heck* because any ruling calling into question either the validity of the warrant or his incarceration would necessarily imply the invalidity of the sentence). *Heck* also applies to challenges regarding the fact or duration of parole. *Littles v. Board of Pardons & Paroles Div.*, 68

F.3d 122, 123 (5th Cir. 1995) (per curiam); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam).

Because *Heck* applies to Plaintiff's claims, he must demonstrate that his allegedly improper incarceration beyond his discharge date has been reversed, invalidated, or expunged prior to bringing this action under § 1983. He has failed to make the requisite showing. His claims under § 1983 for monetary and declaratory damages are therefore not cognizable at this time. The claim is "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Balisok*, 520 U.S. at 649. *Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

## IV. RECOMMENDATION

The Court should **DISMISS** the complaint with prejudice as frivolous under 28 U.S.C. § 1915A(b) until the plaintiff satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 14th day of September, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE